**LARION KRAYZMAN**
18034 Ventura Blvd., #163
Encino, CA 91316
(818)207-1074

UNITED STATES DISTRICT COURT – CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES COURTHOUSE

| | |
|---|---|
| Larion Krayzman<br><br>Plaintiff,<br><br>vs.<br><br>Michael J. Coppes, dba/<br>Law Offices of Michael J. Coppes,<br>Ceceaia A. Kino, Christina D. Kino,<br>JP Morgan Chase Bank Corporation<br><br>Defendants. | Case No. CV10-1292<br><br>COMPLAINT FOR DAMAGES<br><br>**1. FRAUD**<br>**2. ABUSE OF POWER**<br>**3. DEFAMATION OF CHARACTER**<br>**4. PROFESSIONAL NEGLIGENCE**<br>**5. PUNITIVE DAMGES** |

LODGED
FEB 22
CLERK U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
LOS ANGELES
BY

RECEIVED & RETURNED
CLERK, U.S. DISTRICT COURT
FEB 26 2010
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

**PRELIMINARY ALLEGATIONS**

1. At all times herein mentioned Plaintiff was, and now is, doing business

Under the Fictitious Business name of LARION KRAYZMAN, dba/ KRAYZMAN by virtue of the laws of the State of California.

2. Defendants – MICHAEL J. COPPES, dba/ LAW OFFICES OF MICHAEL J. COPPES, CECEALIA A. KINO, CHRISTINA D. KINO, JP MORGAN CHASE BANK CORPORATION is an / are individual(s) or a Corporation(s).Plaintiff is informed and believes that each resides in the County of Los Angeles, State of California.

3. Plaintiff is ignorant of the true names or capacities of the defendant sued herein as Does 1 through 20, and Plaintiff therefore sues said defendants by such fictitious names. Plaintiff is informed and believes that each of the fictitiously named defendants is responsible in some manner for Plaintiff's damages as hereinafter alleged. Plaintiff will amend this Complaint to allege said defendants' true names and capacities of said defendants, and to allege the manner in which they caused Plaintiff's damages, when those facts have been ascertained.

**FIRST CAUSE OF ACTION**

**(FRAUD and Does 1 through 100, Inclusive)**

4. Plaintiff refers to, and by this reference incorporates herein as though set forth in full, Paragraphs 1 through 3 of this Complaint.

5. On or about June 23rd, 2008 – Larion Krayzman, dba/ KRAYZMAN filled a complaint for damages against Christina D. Kino, aka/ Christina Kino, an Individual, Cecealia A.

Kino, aka/ Cecealia Kino, an Individual; for the recovery of costs regarding outstanding Credit Card Debit more specifically Chase Manahattan Credit Card Account No #5184450081530580 with the principal balance of default in the amount of $23,723.63 and the last pay date being December 14, 2004 in the amount of $521.00.

7. Law Offices of Michael J. Coppes the representative of Christina D. Kino and Cecealia Kino claimed in a declaration under penalty of perjury that they so called **"never"** had a Credit Card with Chase Manhattan. The statement also stated the convenient phrase "to the best of their knowledge." There by hiding behind their declarations the truth regarding over what is currently over $40,000.00 in outstanding Credit Card debt regarding Chase Manhattan Account No. #5184450081530580.

**SECOND CAUSE OF ACTION**

**ABUSE OF POWER**

8. Michael J. Coppes, dba/ Law Offices of Michael J. Coppes were aware that the statements regarding Defendants Christina D. Kino and Cecealia Kino, Chase Manhattan Account No. #5184450081530580 were ordered through Titan Recovery Services to be requested from J.P. Morgan Chase Bank. However, after waiting approximately 8 months those documents were still expected and had not been received. As a result and a direct action of Larion Krayzman's request Titan Recovery Services – President Fred Howard issued a Notarized Affidavit under penalty of perjury in the State of Georgia, County of Gwinnett; dated January 6th, 2009; here to labeled as **Exhibit "1."** The Affidavitt indicated the Debtors both names –

Christina D. Kino and Cecealia A. Kino. The Aaffidavitt also indicated the Social Security Number of Christina D. Kino ending with the last 4 digits of 9774.

9. Law Offices Of Michael J. Coppes, in response filled a Motion for Summary Judgment. Within the pleadings of the Motion it was indicated that the Affidavit regarding his clients Christina D. Kino and Cecealia Kino was "weight less" and or ineffective. Accordingly committing perjury before the Superior Court. Michael J. Coppes, did not serve the best interests of his clients by providing a legal defense rather a "cover-up scheme" to commit perjury and exploit Plaintiffs – Krayzman's "In Propia Forma" status as well as his "low income" status.

10. On April 23, 2009 – Law Offices of Michael J. Coppes filed a request for attorney's fees in the amount of $10,000.00 for in support of his Motion for Summary Judgment. Law Offices of Michael J. Coppes were competent and aware that his request for attorneys fees were not applicable in this context, there by abusing his powers as a licensed attorney.

11. On April 23, 2009 – Judge Edward C. Simpson awarded attorneys fees in the amount of $10,000.00 to the defendants against an innocent individual – Larion Krayzman. Edward C. Simpon was aware of his actions. From the first hearing in this matter and Judge Edward C. Simpson replied to Larion Krayzman "do you have any opposition to this matter?" From there on "any and all" requests from the Defendants attorney Law Offices of Michael J. Coppes were granted without any further questioning or reasoning. Judge Edward C. Simpson even refused to hear oral arguments.

12. It became crystal clear that Judge Edward C. Simpson was a biased Judge. Every decision he made in the matter of *Krayzman v. Chrsitina D. Kino, et al*. LASC#GC041023. Reflected that his decision and or opinion against Larion Krayzman, dba/ Krayzman were biased and without merit in addition to being extreme and malicious.

**THIRD CAUSE OF ACTION**

**DEFAMATION OF CHARACTER**

13. In or around March 18, 2008 Larion Krayzman, dba/ KRAYZMAN borrowed money from his friends and relatives in Eastern Europe to begin a small "Mom & Pop" boutique start up business. During discovery Larion Krayzman "incidently" sent a copy of the purchase price of the portfolio which he purchased that contained the name of his Clients Christina D. Kino and Ceceالia Kino. Larion Krayzman is an individual of low income. It is a legal fact. On April 23, 2009 Law Offices of Michael J. Coppes – maliciously with the specific intent of providing mental angious against Larion Krayzman, dba/ KRAYZMAN requested from Judge Edward C. Simpson in an Ex – Parte Hearing that these "so-called" Fee – Wavier was filled fraudulently without any supporting evidence or documentation to support his claim, except for a Case Summary print out and his "personal opinion." The request was to have the Fee Waiver that was granted be overturned and to force Larion Krayzman to pay for the costs of court which he could not afford and could not afford prior to filling the case. The intent was soley mental anguish. The tort of intentional infliction of emotional distress has four elements: (1)the defendant must act intentionally or recklessly; (2)the defendant's conduct must be extreme and outrageous; and (3) the conduct must be the cause (4) of severe emotional distress. Hyatt, 943

S.W.2d at 297.

14. There was no "Emergency situation" in filling an Ex-Parte Request to dismiss the Fee – Waiver that was granted. This was approved by the biased Judge Edward C. Simpson on an Ex Parte Hearing. Due to the fact Plaintiff was out of the county in his country of origin "Ukraine" visiting relatives and could not be present for hearing to defend his position in court. This was done maliciously and illicitly against Larion Krayzman, dba/ KRAYZMAN. It became all to familiar and again "Crystal Clear" that Judge Edward C. Simpson was a biased and corrupt Superior Court Judge.

15. On March 3, 2009 Larion KRayzman, dba/ KRAYZMAN, attempted to Subpoena the records of Chrsitina D. Kino, and Cecealia Kino in an attempt to expedite this process and to prove in a more sufficient manner that Law Offices of Michael J. Coppes and Christina D. Kino, and Cecealia Kino committed **"Fraud and Perjury"** before the Superior Court and agasint Larion Krayzman, dba/ KRAYZMAN. Within 5 – 7 days after sending a Notice to Consumer to Law Offices of Michael J. Coppes – Mr. Coppes began making telephonic threats against Larion Krayzman, dba/ KRAYZMAN and in addition began sending threatening letters forcing him to dismiss his request to Subpoena said documents. It became "crystal clear" to Larion Krayzman that in fact Law Offices of Michael J. Coppes had in deed committed fraud and perjury against Larion Krayzman, dba/ KRAYZMAN and against the Superior Court of California.

## FOURTH CAUSE OF ACTION

## PROFESSIONAL NEGLIGENCE

16. Michael J. Coppes, abused his powers as an attorney both committing perjury and fraud for his clients in committing a fallacy regarding **"NEVER"** having a Chase Mahattan Credit Card Account No. #5184450081530580.

17. JP Morgan Chase, dba/ Chase Manhattan – abused their powers and committed professional neglect against Larion Krayzman, dba/ Krayzman by not providing the requests statements as obligated as Larion Krayzman, dba/ Krayzman was the assignee of said account and "owner" of said account was entitled to the Credit Card Statements regarding Chase Account #5184450081530580. Chase failed to perform their duties regarding the production of documents requested by and for the Plaintiff. Instead on or about June 17, 2009 after numerous requests if not dozens of phone calls and arguments; Chase produced the following Affidavit of Sale that was written by Chase Bank USA, N.A., / Team Leader - Mr. Eric M. Walsh and had the Affidavit of Sale Notarized. The Affidavit gave verification that Cecealia A. Kino "did in fact" use a Credit Card issued by Chase with the Account Numbers #5184450081530580. In addition to the Affidavit because of the countless attempts by Plaintiff to receive any and all documents providing verification of the Debtors use of the Account Chase also produced a "physical photograph" of their computer screen; here to labeled as **Exhibit "2."** Here to labeled as **Exhibit "3"** is a "Bill of Sale" regarding the said Account in question. The Bill of Sale states that the Account was sold to Titan Recovery Services on February 3, 2005 and the document is signed by Mr. Brian K. Booner – Vice President of Chase. On February 21, 2010, Plaintiff – Krayzman also became aware from another Collections agency – Federal Credit Corporation, due to a

misunderstanding regarding another topic, that they also confirmed the debt of Defendant – Kino and Chase Manhattan Account #5184450081530580; here to labeled as **Exhibit "4."** However, until this very day "Chase has failed" to produce any other documentation to provide further evidence of the said requests debt. Not the Credit Card Agreement signed by the Defendant nor **"Any"** of the Defendants last Credit Card Statements. As a direct result of Chase Manhattan's negligence and "failure to perform" their obligations Plaintiff – suffered severe financial losses.

18. The defendant's conduct must be more than malicious and intentional; and liability does not extend to mere insults, indignities, threats, annoyances, or petty oppressions. ***Viehweg v. Vic Tanny,*** Itern. 732 S.W.2d 212, 213 Christina D. Kino and Cecealia Kino, abused their powers when they filled declarations that they never had a Credit Card with Chase Manhattan #5184450081530580, to "the best of their knowledge." However, Chase Mahattan has "CONFIRMED" the Credit Card account in question did exist and belonged to Defendant – Kino, et al.

## FOURTH CAUSE OF ACTION

## PUNITIVE DAMAGES

19. Where the defendant's conduct is found to be intentional or willful or wanton or malicious, the courts may permit an award of punitive damages in addition to compensatory damages. In this case both the actions of both Defendants Christina D. Kino, and Cecealia Kino and their attorney of record Michael J. Coppes, in addition to Chase Bank merits punitive

damages.

20. The Defendants attorney of record knowingly committed a fallacy and in so doing caused "mental and emotional aguish" to Larion Krayzman, dba/ Krayzman. Plaintiff – Krayzman was "toyed" with by an attorney who exploited his (In Propria Forma) status while "knowing for a fact" that his client was **100% "culpable"** of the debt regarding Chase Account #5184450081530580.

21. The Superior Courts Judge – Edward C. Simpson obviously viewed this matter in favor of the Defendants form day one. There by invalidating any form of just trial and or hearings. This case was decided from day one.

22. Punitive damages are intended to punish the defendant and to discourage the conduct of this type of form of perjury and fraud that the defendants Christina D. Kino and Cecealia Kino and their attorney of record Law Offices of Michael J. Coppes and Michael J. Coppes and JP Morgan Chase Bank Corporation engaged in.

WHEREFORE, Plaintiff prays judgment as follows:

Under all Causes of Action:

1. For the sum of $700,000.00 in Punitive Damages.
2. For any attorneys fees incurred by the Plaintiff in bringing this action forth.
3. For the costs of suit.

4. For such other and further relief as the court may deem just and proper.

5. For an injunctive Order that over $10,000.00 in Attorneys Fees Awarded to the Defendants in the matter of ***Krayzman v. Christina D. Kino, LASC #GC041023*** be set aside.

6. For Punitive Damages against JP Morgan Chase Bank for damages caused to Larion Krayzman as a direct result of their failure to perform.

7. That the Court issue a ruling that Michael J. Coppes, Esq. did in fact commit misconduct against the Plaintiff – Larion Krayzman.

DATED: 02/21/2010

Larion Krayzman (IN PRO SE)

# EXHIBIT "1"

# Please forward to Larion for Kino

From: **Ann Uria** (a.uria@titanrg.com)
Sent: Tuesday, January 06, 2009 10:34:02 PM
To: krayz78@hotmail.com
Attachments:
20090106171350788.pdf (47.6 KB)

This is the affidavit for Kino along with my contact information.

Thank you.

Ann

Ann M. Uria, CPA

Chief Financial Officer

Titan Companies

3237 Satellite Boulevard

Building 300, Suite 210

Duluth, GA 30096

Phone 678-906-2096, ext 224

New Toll free #866-790-5697

FAX 678-906-2963

HR Confidential Fax 678-906-2958

Confidentiality Notice: This e-mail message, including attachments, if any, is intended only for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. If you are the intended recipient, but do not wish to receive communications through this medium, please so advise the sender immediately.

-----Original Message-----
From: scanner@titanms.net [mailto:scanner@titanms.net]
Sent: Tuesday, January 06, 2009 5:14 PM
To: Mr. Howard; Ann
Subject:

This E-mail was sent from "ld151tms" (LD151).

Scan Date: 01.06.2009 17:13:50 (-0500)

Queries to: scanner@titanms.net <<...>>

**EXHIBIT 3**

**AFFIDAVIT**

State of: Georgia

County of: Gwinnett

Name: Christina D. Kino and Cecealia A. Kino

Account No: 5184450081530580
Social Security No: 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

Fred Howard, being sworn, deposes and says that the affiant making this affidavit is an employee of Titan Recovery Group, LLC, (the "Company"), which has a location at 3237 Satellite Boulevard, Suite 210, Duluth GA 30096.The affiant is authorized to make the statements and representations herein. The Company's business records show that as of 12/14/2004, there was due and payable from Account 5184450081530580 the amount of $23,723.63. The Company's business records show that this Account was opened or acquired on 2/1/1999. The affiant states that to the best of affiant's knowledge, information and belief there are no uncredited payments against the said debt.

Dated this 6 day of January, 2009

Titan Recovery Group, LLC
The Company

By: ____________

Printed Name: Fred Howard

Subscribed to and sworn to before me this 6 day of January, 2009 by Fred Howard, Managing Member (Title) of the Company.

____________
Notary Public

ANN M. URIA
MY COMMISSION EXPIRES
NOTARY
PUBLIC
JULY 30, 2010
FULTON CO., GEORGIA

# EXHIBIT "2"

# Chase Dox

From: **Fred Howard** (f.howard@titanrg.com)
Sent: Thursday, June 25, 2009 10:51:49 PM
To: Richard Stevens (krayz78@hotmail.com)
Attachments:
Chase Dox.jpg (309.3 KB), Chase Dox 001.jpg (339.7 KB)

Larion,

Please find attached the documents received from Chase regarding Cecealia Kiino. Talk to you soon.

Regards,

Fred Howard

AFFIDAVIT OF SALE

**[illegible] OF: MARYLAND**

**TY OF: FREDERICK**

I am authorized on behalf of Chase Bank USA, N.A., (Chase) to make this affidavit,

**KIINO, CECEALIA A.** had a credit card account with Chase, account number **5184450081530580** The said account was acquired by Chase from Providian National Bank in February 2002. The account was then sold and transferred by Chase to **TITAN RECOVERY GROUP, LLC.** on or about **3/1/2005.** At the time of the sale to **TITAN RECOVERY GROUP, LLC.,** the amount due on th[illegible] account pursuant to the terms of the cardholder agreement between Chase Bank USA, N.A. and **KIINO, CECEALIA A.** was **$23,723.63.** Your deponent states that to the best of deponent's knowledge, information and belief that there was n[illegible] unaccredited payment, just counterclaims or offsets against the account when it was sold.

Your deponent acknowledges that in making this affidavit that **TITAN RECOVERY GROUP, LLC.** is now the owner of said account, and authorized to collect, settle, adjust, compromise and satisfy the same and that Chase Bank USA, N.A. has no further interest in said account for any purpose.

Chase Bank USA, N.A
By: [signature]
Eric M. Walsh
Team Leader

17, 2009, before me appeared Eric M. Walsh personally known to me or proved to me on the bas[illegible] ctory evidence to be the individual(s) whose name(s) is (are) subscribe to the within instrument owledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by ıeir signature(s) on the instrument, the individual(s), or the person upon behalf of which the ıl(s) acted, executed the instrument.

[signature]

RUTH E. WAHL

File Control Actions Help

Done | Account | Post Tx | PmtCalc | Route | Find... | Letter | Add Note

Account
Links
History

# Other Debts

Acct #: 5184450081530580 Atty/Agy: 063G Guarantors: 4 Balance: 23723.63 Status:

Tax ID: 295409774 Recoverer: BUYR Product Type: MP

Name: CECEALIA A KIINO

Address: 345 LINDA VISTA AVE Comments:

City: PASADENA CA 911051252

Home: 7146790475 Work: 7144350510 Time Zone: PST Comment Date: 11/21/2008 Dead

Notes

Filtering UserID: Transaction Code From: To: Find Reset Load All Rows Grid Sor Enablec

| Transaction Date | Transaction Time | UserID | Transaction | Seq | Note | Accour |
|---|---|---|---|---|---|---|
| 3/30/2005 | 12:00:10 am | ARMS | 90 | 1 | ******SOLD TO TITAN RECOVERY 3/29/05 @ | |
| 3/30/2005 | 12:00:10 am | ARMS | 90 | 2 | 0550****** | |
| 3/30/2005 | 12:00:20 am | ARMS | 90 | 1 | ****************SOLD WITH NO INTEREST*** | |
| 3/30/2005 | 12:00:20 am | ARMS | 90 | 2 | ********** | |
| 3/29/2005 | 12:00:10 am | ARMS | 90 | 1 | ***********BLOCKED FOR PENDING SALE**** | |
| 3/29/2005 | 12:00:10 am | ARMS | 90 | 2 | ********** | |
| 3/29/2005 | 12:00:20 am | ARMS | 90 | 1 | ***********FILE CREATION DATE IS 3/29/0 | |
| 3/29/2005 | 12:00:20 am | ARMS | 90 | 2 | 5********** | |
| 3/29/2005 | 12:00:30 am | ARMS | 90 | 1 | ************FRWD PMTS TO BUYER A/O 3/29 | |
| 3/29/2005 | 12:00:30 am | ARMS | 90 | 2 | /05******** | |
| 3/29/2005 | 12:00:40 am | ARMS | 90 | 1 | *********CHRG BUYER FOR MEDIA A/O 3/29/0 | |
| 3/29/2005 | 12:00:40 am | ARMS | 90 | 2 | 5********** | |
| 3/29/2005 | 12:00:50 am | ARMS | 90 | 1 | ********REPURCHASE INELIGIBLES UNTIL 0/ | |

# EXHIBIT "3"

CHASE

# BILL OF SALE

FOR VALUE RECEIVED, and pursuant to the terms and conditions of the Credit Card Account Purchase Agreement between Chase Manhattan Bank USA, National Association ("Seller") and Titan Recovery Group, LLC ("Purchaser"), dated as of January 15, 2004, Seller does hereby sell, assign and convey to Purchaser, its successors and assigns, all right, title and interest of Seller in and to those certain Accounts described in Exhibit "A" attached hereto and made a part hereof for all purposes.

This BILL OF SALE is executed without recourse and without representation of any warranty, of collectibility or otherwise, expressed or implied, except as provided in the Credit Card Account Purchase Agreement.

Executed this 3rd day of February, 2005

CHASE MANHATTAN BANK USA,
NATIONAL ASSOCIATION

By: ______________________

Brian K. Bonner
Vice President

63-D
(PROVIDIAN-HHG)

TOTAL P.03

# EXHIBIT "4"


Debtmaster Professional
Collector Window
Promised Payments
Post-Dated Checks
Account Details Window
Account Details Cross Ref

**Verification 1446, 2015.5 C.C.P.**

State of California ) SS.
County of Los Angeles)

I am the Plaintiff in the above entitled action; I have read the foregoing Verified Complaint against Defendant – **Michael J. Coppes, dba/ Law Offices of Michael J. Coppes, Cecealia A. Kino, Christina D. Kino, JP Morgan Chase Bank Corporation** and know the contents there of; and I certify that the same is true of my own knowledge, except as to those matters which are therein stated upon my information or belief and as to those matters I believe to be true.

I Larion Krayzman declare under penalty of perjury under the Federal Laws of the United States Government, that the foregoing is true and correct to the best of my knowledge.

Executed on 02/21/2010 at Encino, California.

(Signature)